IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| Plaintiff, | Nos. 11-cv-6754 & 15-cv-1958 |
| v. | |
| **SOURCE ONE STAFFING, INC.** | Judge Sara L. Ellis |
| Defendant. | Magistrate Judge Jeffrey T. Gilbert |

## CONSENT DECREE

### THE LITIGATION

1.      Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed Case No. 11-cv-6754 alleging that Defendant Source One Staffing, Inc. ("Source One") ( "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by engaging in the following practices:

A.      Subjecting Guadalupe Maldonado, Jazmin Marin, Araceli Posadas, and a class of female employees to a hostile work environment at the Promens USA, Inc. facility in West Chicago, Illinois;

B.      Failing or refusing to refer a class of female employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex;

C.      Failing or refusing to refer a class of male employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex; and

D.     Subjecting a class of female employees to different terms and conditions of employment because of their sex by assigning and/or referring them to positions with lower pay, fewer hours, and/or lesser opportunity for permanent placement.

2.     EEOC also alleged in Case No. 11-cv-6754 that Source One committed unlawful employment practices against Guadalupe Maldonado and Araceli Posadas by retaliating against them for opposing or complaining about discriminatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).  These practices include, but are not limited to, the following:

A.     Removing Araceli Posadas from her assignment at the Promens USA, Inc. facility in West Chicago, Illinois against her wishes on or around September 4, 2007; and

B.     Failing or refusing to refer Guadalupe Maldonado for full time job assignments after receiving notice of her Charge of Discrimination on or around September 27, 2007.

3.     EEOC alleges in Case No. 15-cv-1958 that Source One violated Title I of the Americans with Disabilities Act of 1990 ("ADA").  These practices include, but are not limited to, the following: asking impermissible pre-employment inquiries likely to elicit information about an applicant's disability; maintaining a policy that forced applicants to disclose disability related information prior to receiving a conditional or final offer of employment; using a qualification standard or other selection criteria that tends to screen out individuals with disabilities; and failing to hire a class of individuals on the basis of their disability.  Source One denies that it engaged in such practices.

4.     EEOC also alleges in Case No. 15-cv-1958 that Source One violated Title VII by discriminating against a class of employees and applicants on the basis of race and national origin in recruitment, hiring and assignments. Source One denies that it engaged in such practices.

5.      Case No. 11-cv-6754 and Case No. 15-cv-1958 have been consolidated into one case for the purpose of resolving all matters concurrently

6.      In the interest of resolving these matters, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that these actions should be finally resolved by entry of this Consent Decree (hereafter "Decree").

<u>FINDINGS</u>

7.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A.      This Court has jurisdiction of the subject matter of these actions and of the parties.

B.      The Court has jurisdiction over the Personal Guaranty (attached hereto as Exhibit C) and over the Guarantor (as defined in the Guaranty) for the sole purpose of enforcing the Personal Guaranty or resolving any dispute arising thereunder.

C.      The Court has jurisdiction over Scott Reedy's agreement that if he creates or acquires any new business(es) involving the placement of temporary employees, the newly created entity or newly acquired business shall be subject to terms and conditions of this Decree for the duration of the Decree pursuant to Paragraph 47.

D.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, the Charging Parties, the claimants, and the public interest are adequately protected by this Decree.

E.      This Decree conforms to the Federal Rules of Civil Procedure, Title VII and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and the ADA and will be in the best interests of the parties, the Charging Parties, the claimants, the Guarantor, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### INJUNCTION

8.      Defendant, its officers, shareholders, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any employment practice that discriminates on the basis of sex, race, national origin and/or disability.

9.      Defendant, its officers, shareholders, agents, employees, successors, assigns and all persons acting in concert with Defendant are enjoined from engaging in any form of retaliation (as defined by Title VII) against any person because such person has opposed any practice made unlawful under Title VII or the ADA, filed a Charge of Discrimination under Title VII or the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII or the ADA, or asserted any rights under this Decree.

### MONETARY RELIEF

10.     Defendant shall pay the gross aggregate sum of eight hundred thousand dollars ($800,000.00) to be distributed as compensatory damages among all Eligible Claimants.

11.     The monetary relief shall be distributed as follows:

    A.      Guadalupe Maldonado shall receive the gross sum of $10,000.

    B.      Yazmin Marin Gonzalez shall receive the gross sum of $10,000.

    C.      Araceli Posada shall receive the gross sum of $25,000.

    D.      Claudia Ceballos shall receive the gross sum of $25,000.

The amounts paid to Guadalupe Maldonado, Yazmin Marin Gonzalez, Araceli Posada and Claudia Ceballos will be made from to the initial payment made to the Settlement Fund as provided in Paragraph 13, below.   All other Eligible Claimants (as determined through the Claims Administration process outlined in Paragraph 17, below) shall each receive an equal share of the remaining $730,000 of the Settlement Fund.

12.    In the event that EEOC is unable to locate and/or obtain an executed Release, in the form of release attached hereto, from Guadalupe Maldonado, Yazmin Marin Gonzalez, Araceli Posada, and/or Claudia Ceballos within 120 days of the entry of this Decree by the District Court, the share of the settlement fund designated to the individual(s) without an executed Release shall be distributed equally among the Eligible Claimants when the Claims Administrator distributes the first installment payment of $650,000 by Defendant, as outlined in Paragraph Nos. 14 & 17(L), below.

13.    Within thirty (30) days of the entry of this Decree, the Claims Administrator (as defined in Paragraph 17, below) shall cause to be established a Settlement Fund ("Settlement Fund") and make an initial gross monetary payment of $650,000 to the Settlement Fund to be distributed to the Eligible Claimants as provided in Paragraph Nos. 11 & 17 of this Decree.  As discussed in Paragraph 17, below, the Claims Administrator shall have authority to issue checks from the Settlement Fund account to all Claimants.  EEOC shall have the sole authority to determine the class of individuals who are Eligible Claimants.

14.    On the twelfth (12) month anniversary of the entry of this Decree, Defendant shall make a second monetary payment of $50,000 to the Settlement Fund to be distributed to all Eligible Claimants equally.  On the twenty-fourth (24) month anniversary of the entry of this Decree, Defendant shall make a third monetary payment of $50,000 to the Settlement Fund to be distributed to all Eligible Claimants equally. On the thirty-three (33) month anniversary of entry of this Decree, Defendant shall make a fourth monetary payment of $50,000 to the Settlement Fund to be distributed to all remaining Eligible Claimants equally.

15.    In the event that Defendant shall, for any reason whatsoever, fail to pay any of the final three installment payments of $50,000 into the Settlement Fund or any part thereof, on the date said payment is scheduled to be made, as described in Paragraph 14, above, then the obligation of Defendant to pay all amounts then and thereafter due under this Decree shall be automatically

accelerated, without further act or deed by any person, and without further notice to or order of the Court, so that the entire aggregate amount then remaining due and payable to the Settlement Fund shall be immediately due and payable to the Settlement Fund. Payment of all three installment payments of $50,000 is guaranteed personally by Scott Reedy, as provided in the Personal Guaranty attached hereto Exhibit C and incorporated herein by reference. Under the Personal Guaranty, Scott Reedy guarantees all $150,000 of these payments even if the payments are accelerated pursuant to Paragraph 16. This Court shall retain jurisdiction under this Decree until all amounts due have been paid to the Settlement Fund and distributed to the Eligible Claimants.

16. The obligation of Defendant to pay the amounts due under this Decree shall also be automatically accelerated, without further act or deed by any person, and without further notice to or order of the Court, so that the entire aggregate amount then or thereafter remaining due and payable to the Settlement Fund, shall be immediately due and payable to the Settlement Fund: (a) in the event that Defendant files or has involuntarily filed against them any proceedings under any federal or state insolvency laws or regulations, or (b) in the event that a majority or controlling interest in Defendant or their property is sold or otherwise transferred whether by any sale of securities or other instruments, any reorganization or liquidation, any restructuring, assumption or transfer of debt, or any sale of assets, or by any other means.

## CLAIMS PROCEDURE

17. The Claims Administrator shall be Settlement Services, Inc. ("Claims Administrator"). The Claims Administrator shall: (1) mail notices and forms related to settlement, claims forms and claims notices; (2) receive claims forms; (3) transmit notification of monetary awards; (4) issue checks to Eligible Claimants from the Settlement Fund; (5) issue related tax documents; and (6) perform such other administrative tasks as it may deem necessary to facility the claims process. All expenses, fees, and costs of the Claims Administrator shall be paid by

Defendant.

A. **Identification of Claimants.** Within three (3) days of entry of the Decree, Defendant shall transmit to the EEOC and the Claims Administrator a computer-readable list containing the full names, social security numbers, and last known address for all employees and applicants at Source One from January 2007 to the present ("Potential Claimants"). Defendant shall ensure that the list does not contain repeated and/or duplicate employees/applicants. The submission of this list shall be accompanied by a sworn and under oath statement from Scott Reedy indicating that the list is full, complete and accurate to the best of Defendant's knowledge.

B. **Failure to Provide Full and Complete Data.** Should for any reason Defendant fail to provide a full and complete list of employees and applicants as required under Paragraph 17(A), the duration of the Decree and all deadlines provided in Paragraph 17 of this Decree shall automatically be elongated for the amount of times it take for Source One to cure any and all such deficiencies in the production.

C. **Mailing of Claims Packages.** Within fourteen (14) days after receiving the full and complete list of employees and applicants described in Paragraph 17(A-B), the Claims Administrator shall mail, via United States Mail, a cover letter from EEOC containing notice of the settlement and an explanation of the claims procedure and a claim form ("Claim Package"), to all individuals on the list provided by Defendant pursuant to Paragraph 17(A-B). Claim Packages are intended for female employees/applicants only. Because Source One has not kept track of employees by gender, prior to the Claims Administrator mailing Claim Packages to all potential claimants, EEOC shall endeavor to limit the number of Claim Packages that are sent to male employees/applicants. Defendant will not challenge EEOC's methodology for attempting to limit the number of Claims Packages that are sent to male employees/applicants.

D.     **Submission of Claim Forms.**  Potential Claimants who seek to recover monetary compensation must complete a claim form and cause it to be received by the Claims Administrator within sixty (60) days after the Claim Packages are mailed by the Claims Administrator and applicants described in Paragraph 17(A-B). The claim form must be received by the Claims Administrator on or before such date in order to be considered.  Any person whose claim form is not actually received by the Claims Administrator within sixty (60) days after the Claims Administrator receives the full list of employees and applicants described in Paragraphs 17(A-B) shall be forever barred from receiving any relief under this Decree or in connection with this action. Within sixty-five (65) days after the Claims Administrator receives the full list of employees and applicants described in Paragraph 17(A-B), the Claims Administrator shall provide EEOC with the electronic copies of all timely received claim forms.

E.     **Confidentiality of Claim Forms.**   Claim Forms received by the Claims Administrator and EEOC shall be treated as confidential and shall not be disclosed to Defendant or any other person or entity, except that such Claim Form may be submitted confidentially to the Court if requested by the Court.

F.     **Late Claims.**  For claims received after the filing deadline, the Claims Administrator shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award.

G.     **Determination of Claims.**  Within one hundred twenty (120) days after the Claims Administrator receives the full list of employees and applicants described in Paragraph 17(A-B), EEOC shall make a determination ("Determination of Claims") as to whether the individuals who filed timely claims are eligible to receive a monetary award.  This Determination is not subject to review or consent by Defendant.

H.     **Allocation of Monetary Relief.** Except as otherwise provided in Paragraph Nos. 11(A-D), all Eligible Claimants shall receive an equal share of the remaining portion of the Settlement Fund.

I.     **Notification of Awards.** Within ten (10) days of the EEOC's Determination of Claims, EEOC shall cause the Claims Administrator to notify ("Notification Award") each Eligible Claimant via U.S. First Class Mail of the amount of her monetary award.

J.     **Release of Claims.** Along with the Notification of Award, the Claims Administrator shall mail to each Eligible Claimant a Release (a copy of which is attached hereto as Exhibit A). Each Eligible Claimant will be notified that in order to receive monetary payments under this Decree, she must execute and deliver to the Claims Administrator a Release. The letter will inform each Eligible Claimant that such Release must be signed and mailed to the Claims Administrator so that it is actually received by the Claims Administrator within thirty (30) days of the mailing of the Notification of Award and obligate the Eligible Claimant to notify the Claims Administrator of any future changes of address for payment. Any Eligible Claimant whose executed Release is not actually received by the Claims Administrator within thirty (30) days of the mailing of the Notification Award shall be ineligible for and forever barred from receiving any relief under this Decree. The Claims Administrator shall provide all original signed Releases to Defendant.

K.     **Untimely or Unreturned Releases.** In the event that any Eligible Claimant whose executed Release is not actually received by the Claims Administrator within thirty (30) days of the mailing of the Notification Award, their share of the settlement fund shall be distributed equally among the Eligible Claimants who return timely releases. The payment of the untimely or unreturned releases shall be made at the same time as the first installment payment of $50,000 is distributed to the Eligible Claimants as provided in Paragraph 17(L). In no event shall there be any reversion of any part of the Settlement Fund to Defendant.

L.   **Distribution of Settlement Fund.**   For the first $650,000 paid to the Settlement Fund, sixty (60) days after mailing of the Notification Award, the Claims Administrator shall issue checks to each Eligible Claimant.   For the remaining three payments of $50,000 to the Settlement Fund, as provided for in Paragraph 14, the Claims Administrator shall issue checks to each Eligible Claimant within fourteen (14) days of each payment being made to the Settlement Fund.

M.   **Tax Treatment of Monetary Awards.**   All amounts distributed from the Settlement Fund to Eligible Claimants constitute "compensatory damages," under the Civil Rights Act of 1991, 42 U.S.C. §1981a.   No payment made pursuant to this Decree shall constitute or be considered to be back-pay, and no taxes will be withheld.

N.   **Returned or Uncashed Checks.**   The Claims Administrator shall promptly notify EEOC in writing of any checks that are returned or are not cashed after a period of ninety (90) days has elapsed from the date on which the settlement checks were mailed.   In the event that any Eligible Claimant's check is undeliverable or uncashed, and the EEOC determines that the Eligible Claimant cannot be located (hereafter referred to as a "missing Eligible Claimant"), the missing Eligible Claimant shall receive no future installment payments under the Decree.   The amount of future installment payments to remaining Eligible Claimants (including Charging Party) shall be recalculated, such that each Eligible Claimant receives an equal share of the total amount that would have been paid to missing Eligible Claimant(s).   In addition, the amount of any undelivered check to a missing Eligible Claimant shall be redistributed to the remaining Eligible Claimants on an equal basis as part of the next installment payment due under the Decree.   In the event that any of the checks from the final installment are either returned or uncashed within ninety (90) days, the remaining balance of the Settlement Fund shall be designated as a *cy pres* fund to be distributed to Women Employed. In no event shall there be any reversion of any part of the Settlement Fund to Defendant.

O.      **Costs.** All costs customarily associated with the distribution of the Settlement Fund to Eligible Claimants shall be paid by Defendant, including without limitation, all postage costs related to the issuance and mailing of checks from the Settlement Fund and all costs associated with stopping payment on checks.

## POSTING OF NOTICE

18.     Within five (5) days following entry of the Decree, Defendant shall post at every location a copy of the Notice (attached hereto as Exhibit B) to this Decree on any and all bulletin board(s) usually used by Defendant for communicating with its employees. The Notice shall remain posted for three (3) years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Defendant shall certify to EEOC and the Monitor (as defined below) in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. During the duration of this Decree, Defendant shall permit the Monitor or a representative of EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice. The Notice shall be posted in both English and Spanish. EEOC shall provide Defendant with the Spanish translation of the Notice.

## MAILING TO CLIENTS

19.     Within five (5) days following entry of the Decree, Defendant shall mail a notice ("Client Notice") to all of their current clients that it is an equal opportunity employer and will not discriminate on the basis of sex, race, age, national origin, religion or disability when selecting employees for job assignments. Further, the notice shall provide that Source One is required to report any and all acts of discrimination, including, but not limited to discriminatory requests for employees. Defendant will immediately report any Client that makes any discriminatory requests for employees to the Monitor. Defendant shall obtain EEOC's approval of the language of the Client

Notice before it is sent out. During the term of this Decree, within five (5) days of Defendant obtaining a new client, Defendant shall mail the Client Notice to the new client. and shall certify in writing to the Monitor (as defined below).

## RECORD KEEPING

20.     For the duration of the Decree, Defendant shall maintain and make available for inspection and copying by the EEOC and the Monitor (as defined below) the following records:

      A.     All applications for employment;

      B.     All notes of interviews with an applicant, notes of other contact with an applicant, and notes of attempts to contact an applicant;

      C.     All applicant self-identification forms;

      D.     All requests for skill-specific assignments requested by clients;

      E.     A list all employees with gender identification assigned to each position at each client company, pursuant to Defendant's obligations under the Day and Temporary Labor Services Act, 820 ILCS 175/12(9);

      F.     Any database, of the Defendant or other documents, containing all information maintained for each applicant;

      G.     Documents related to each complaint of sex discrimination made by an applicant for employment, if any. Such documents shall include the date the complaint was made, the name of the complainant, the allegations of the complaint, and what actions Defendant took, if any, to resolve the matter;

      H.     All discriminatory employee assignment requests made by Defendant's clients, if any;

      I.     For each discriminatory employee assignment request, if any, Defendant shall maintain records of Defendant's response to the request, including but not limited to, how

Defendant searched for the position, who Defendant considered for placement, who the Defendant contacted for placement, and who Defendant placed at the client; and

J.     Defendant shall make all documents or records referred to in Paragraph 20 available for inspection and copying within five (5) business days after the EEOC or the Monitor so requests. Defendant shall require personnel within its employ whom the EEOC or the Monitor reasonably requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and to be interviewed for the purpose of determining compliance with this Decree.

## REPORTING

21.     Within sixty (60) days of entry of this Decree, and at two (2) month intervals thereafter for the duration of the Decree, Defendant shall provide bi-monthly Reports to the Monitor (as defined below). Defendant's bi-monthly Reports shall include information regarding the following:

A.     All discriminatory employee assignment requests made by any of Defendant's clients, if any;

B.     For each discriminatory employee assignment request, Defendant shall provide a detailed explanation of what Defendant did in response to the requests, if any, including but not limited to, how Defendant searched for the position, who Defendant considered for placement, who Defendant contacted for placement, and who Defendant placed at the client; what Defendant told the client; and any other action Defendant took in response to any such request;

C.     Any database of the Defendant, or other documents, containing all information maintained for each applicant; and

D.     All complaints or report, oral or written, of discrimination or retaliation.

## MONITORING

22.    There shall be continuously during the term of this Consent Decree, an independent Consent Decree Monitor ("Monitor") who oversees the implementation by Defendant the terms of this Decree. The Monitor shall be allowed to familiarize himself with the allegations of this case by communicating with counsel for either party and/or reviewing documents provided by counsel of either party. Such documents may include, but are not limited to, all court filings associated with this litigation.

23.    The Monitor will have broad authority, for the entire term of the Decree to determine the policies, procedures and practices that should be developed, modified or implemented to meet the non-monetary relief objectives of this Decree and to otherwise monitor the implementation of the non-monetary relief terms and conditions of this decree. The Monitor shall be Christopher Wilmes of Hughes Socol Piers Resnick & Dym, Ltd.   In the event the Monitor is unable or unwilling to continue to serve as a Decree Monitor, EEOC shall, acting in its discretion, designate a replacement, subject to Court approval. Defendant shall not have any right to object to any successor Monitor, and their approval of any such successor shall not be required; provided, however, that no successor Monitor will have any connection the Parties, the claimants or this case, or have any conflicts with Defendant or their business.

24.    The Monitor shall have authority to make recommendations to Defendant regarding Defendant's implementation of and compliance with the terms and purposes of the Decree. Defendant shall promptly implement each recommendation of the Monitor made at any time during the term of this Consent Decree, unless, within ten (10) days after receiving a recommendation, Defendant file an objection with the Court that the Monitor's recommendation, in whole or in part, would require Defendant to apply what would be generally acknowledged to be manifestly unsound business judgment or would be generally acknowledged to be technically not feasible.

25.     Within six (6) months after his appointment, the Monitor shall complete his own review and evaluation of all current employment policies and practices that are related to the Defendant's employee referral practices, and shall submit a written report to EEOC and Defendant setting forth the following information:

A.     An assessment of whether Defendant maintains or has successfully implemented each specific policy and practice ordered in Paragraph 38;

B.     For each policy, procedure or practice outlined in Paragraph 38 that has not been maintained or successfully implemented, a statement discussing the reason for Defendant's failure to maintain or implement such policy, procedure or practice;

C.     An evaluation of the impact of any specific changes made pursuant to this Decree;

D.     An assessment of the effectiveness of Defendant's policies and practices for achievement of having gender neutral employee referral practices;

E.     Recommendations for any changes to existing practices, policies or programs or any additional policies, practices or programs that the Monitor deems necessary or appropriate for achieving compliance with the terms of this Decree; and

F.     Timetables for implementation and completion of compliance with any of his recommendations, subject to the terms of this Decree.

27.     Thereafter, for the term of the Decree, the Monitor will be responsible for continuing the review and evaluation of all ongoing employment policies and practices of Defendant relating to their employee referral practices and other terms of this Decree, as well as monitoring the impact and effectiveness of his recommendations. The Monitor will continue during this time to recommend revisions or modifications to ongoing employment policies and practices. At the end of each successive year, the Monitor shall submit an annual report to EEOC and

Defendant setting forth the information described in Paragraph 25 herein.

27.     In the event that Defendant file with the Court an objection to any of the Monitor's recommendations, EEOC will participate in the proceedings with the Court, which shall be public proceedings. The Court, acting in its discretion, may order Defendant to implement the Monitor's recommendation.

28.     Within five (5) days of entry of the Decree, Defendant shall provide the Monitor with copies of all "Employee Request Forms" that were produced in this litigation and that have been used by Defendant since that production. The Monitor shall conduct an analysis of all Employee Request Forms in order to help identify possible gender-based job assignments.

29.     The Monitor shall review Defendant's employment application regarding its compliance with the ADA and Defendant shall make any and all revisions to the application as recommended by the Monitor.

30.     The Monitor shall have oversight of the implementation of Defendant's policies and procedures under Paragraph 38. With respect to Paragraph 38(c), the Monitor shall review all documents and procedures regarding client requests for skill-set specific assignments and/or prior job experience assignments to ensure the assignments are made regardless of gender. The Monitor will ensure that all job assignments are regardless of gender.

31.     Defendant shall fully cooperate with the Monitor in connection with his efforts to oversee and monitor the implementation of the terms of the Decree. The Monitor shall have reasonable and timely access to all employees and to relevant books, data (including databases), documents, and other sources of information necessary or appropriate to the exercise of his duties described herein. The Monitor, as he deems necessary and appropriate, shall have access to all of Defendant's facilities.

32.     By signing this Decree as President of Source One Recruiting, Inc., d/b/a Source

One Hospitality, Scott Reedy and Source One Recruiting, Inc. agree to provide the Monitor any and all information needed by the Monitor to determine if Source One Recruiting, Inc. engages in any form of temporary placement of employees similar in nature to Defendant during the term of the Decree.

33. By signing this Decree as President of Source One Recruiting, Inc., d/b/a Source One Hospitality, Scott Reedy and Source One Recruiting, Inc. agree that starting five (5) days after entry of the Decree, Source One Recruiting, Inc. shall a provide bi-monthly reports to the Monitor indicating if Source One Recruiting, Inc. has engaged in the practice of providing clients with temporary employee services.

34. Subject to the provisions of Paragraph 35 herein below, should the Monitor, at any time during the term of the Decree, make the determination that Source One Recruiting, Inc. engaged in the placement of temporary employees during the term of the Decree, Source One Recruiting, Inc. shall be automatically bound by all non-monetary provisions of the Decree, without further act or deed by any person, and without further notice to or order of the Court. Should the Monitor determine that Source One Recruiting, Inc. provided temporary employment services during the term of the Decree, he shall immediately notify in writing Defendant, Source One Recruiting, Inc. and the EEOC of his determination. For purposes of this Consent Decree, temporary employment services means the placement of temporary employees at customers who engage in light industrial and industrial commercial activities.

35. By signing this Decree as President of Source One Recruiting, Inc., d/b/a Source One Hospitality, Scott Reedy and Source One Recruiting, Inc. hereby represent, warrant, and agree that: a) the execution of this Consent Decree has been duly authorized and is a legal, valid and binding obligation of Source One Recruiting, Inc., enforceable against it in accordance with its terms; and b) it will not challenge the determination, except by presentation of an appropriate

pleading filed with a court having jurisdiction over the parties hereto, if any, of the Monitor that Source One Recruiting, Inc. engaged in the placement of temporary employment services during the term of the Decree except as provided for in this consent decree.

36.     The Monitor will prepare Semi-Annual Reports ("Report") to EEOC and Defendant on the status of implementation and Defendant's compliance with the terms of the Decree. The Monitor's Report will include (a) a summary of the requirements of the Decree; (b) an assessment of Defendant's compliance with the Decree; and (c) the identification of any barriers to fulfillment of the Decree's objectives. The Report will reflect the Monitor's findings in areas such as, but not limited to, training, creation and implementation of assignment procedures and criteria; complaints of discrimination; and any recommendations by the Monitor and Defendants' response.

37.     Defendant shall compensate the Monitor at his customary hourly rate, or upon other terms agreed upon by Defendant and the Monitor. Defendant shall also pay the Monitor's reasonable costs and expenses incurred to fulfill his duties herein. These may include, but are not limited to, the use of additional staff or experts to assist the Monitor in accomplishing the goals of the Consent Decree.

## ADOPTION OF NEW POLICIES AND PROCEDURES

38.     Within twenty (20) calendar days of the date of the entry of this Decree, Defendant shall use, adopt and/or implement policies and procedures that the Monitor shall reasonably request and that are designed to carry out the terms and conditions of this Decree including the following:

A.     Defendant shall provide clear instructions to temporary employees as to how to make a complaint of discrimination, including identifying the person(s) to whom employees can make such complaints;

B.     Defendant shall change its employment application for temporary employees in the following ways:

C.    Defendant shall remove any question(s) relating to an applicant's prior medical history and/or injury;

D.    Defendant shall adopt an employee search process for identifying qualified employees for open assignments to be approved by the Monitor with the following minimum standards.

i.    For assignments which require no specific skill set or experience, Defendant will offer the assignment to its employees for the assignment regardless of gender.

ii.   If a client explicitly requests a specific skill set or prior experience for an assignment, Defendant must first document the request made by the client. Thereafter, Defendant may conduct a gender-neutral search for employees with the expertise specifically requested by the client.

iii.  The new search process must be approved by the Monitor prior to implementation.

E.    Any changes to Defendant's employment application shall be made in both English and Spanish.

39.    Within ten calendar days of the adoption of the above policy, Defendant shall deliver a copy of it to the EEOC and the Monitor. Defendant must consider any suggestions made by EEOC and the Monitor with respect to its policy. However, the inclusion of this paragraph in the decree does not represent the EEOC's or the Court's approval of Defendant's policies. Ten days later after receipt of any comments from EEOC, Defendant shall deliver a hard copy of the policy to all of its employees. Thereafter, Defendant shall make the policy available to new hires within five (5) days of the date of hire.

## TRAINING

40.    Defendant shall provide annual training on the requirements of Title VII and the

ADA to all employees in any way involved in the hiring and/or assignment process, including, but not limited to, employees responsible for providing applications to potential applicants, employees who have input into and/or decide which applicants to interview, employees who interview applicants, employees who have input into the hiring/assignment process, and employees who make hiring/assignment decisions. Such training shall be conducted by an outside trainer paid for by Defendant and approved by EEOC. The first annual training shall take place within sixty (60) days of entry of this Decree.

41.     Defendant shall obtain approval from the EEOC of its proposed trainer prior to each training session. Defendant shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least (30) calendar days prior to the proposed commencement date(s) of the training(s). The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve Defendant's designated trainer, Defendant shall have ten (10) business days to identify an alternate trainer. The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 44.

42.     Defendant shall certify to the Monitor and EEOC, in writing, within five (5) business days after each training session has occurred that the training has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

41.     Within five (5) business days after each training session has occurred, Defendant shall provide the Monitor and EEOC with copies of any and all pamphlets, brochures, outlines or

other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

42.     In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.   If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

43.     In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but is not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for non-compliance.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

44.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree. However, if, at the end of the three (3) year period, any disputes that the EEOC has identified in writing, prior to the end of the term of the Decree and under Paragraph No. 42, above, that remain unresolved, the term of the Decree shall be automatically extended for the sole purpose of resolution of the issues raised in such disputes (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

45.     Each party to this Decree shall bear its own expenses, attorney's fees and costs.

46.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendants, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

47.     Any new business(es) involving the placement of temporary employees that is created or newly acquired during the term of this Decree by Scott Reedy shall be subject to all non-monetary terms and conditions of this Decree for the duration of the Decree.

48.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

49.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by Scott Reedy.

50.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Source One Settlement, Equal Employment Opportunity Commission, c/o Aaron DeCamp, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Source One, they shall be mailed to: Scott Reedy, Source One Staffing, 136 W. Washington St., West Chicago, IL 60185, with a copy to: Elliot S. Wiczer, Wiczer & Sheldon, LLC, 500 Skokie Blvd., Suite 325, Northbrook, IL 60062.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Aaron DeCamp
Aaron DeCamp
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8106
E-Mail: aaron.decamp@eeoc.gov

/s/ John Hendrickson
John Hendrickson
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8099
E-Mail: john.hendrickson@eeoc.gov

/s/ Gregory Gochanour
Gregory Gochanour
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8100
E-Mail: Gregory.gochanour@eeoc.gov

For Defendant:

_____

Scott Reedy:

For Source One Recruiting, Inc.:

, President

ENTER:

DATE:

May 6, 2015

The Honorable Judge Ellis
United States District Judge

EXHIBIT A

RELEASE

In consideration for the payment(s) to be paid to me by Source One Staffing, Inc. pursuant to the Consent Decree entered by District Judge Sara L. Ellis on _____, 2015 in connection with the resolution of *EEOC v. Source One Staffing, Inc.*, No. 11 C 6754 (N.D. Ill.), I waive my right to recover for any claims of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had against Source One Staffing, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Source One Staffing, Inc.*, No. 11 C 6754 (N.D. Ill.).

_____
Signature

_____
Name [Please Print]

_____
Date

EXHIBIT B

## NOTICE TO ALL SOURCE ONE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Source One Staffing, Inc.*, Nos. 11-cv-6754 & 15-cv-1958 (N.D. Ill.), resolving lawsuits filed by the Equal Employment Opportunity Commission ("EEOC") against Source One Staffing Inc. ("Defendant").

In its litigation, EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII) and Title I of the Americans with Disabilities Act ("ADA") by discriminating against classes of individuals on the basis of sex, race, national origin and disability.

To resolve the case, Defendant and EEOC have entered into a Consent Decree which provides, among other things, that:

1)   Defendant will pay $800,000 to resolve the sex discrimination claims against it;

2)   Defendant is enjoined from discriminating against any employee;

3)   Defendant will not retaliate against any employee who has made allegations of discrimination or participated in any way in a proceeding involving discrimination under Title VII or the ADA;

4)   Defendant will provide training on Title VII and the ADA;

5)   Defendant will employ a Monitor to ensure compliance with the terms of the Consent Decree; and

6)   Defendant will change their policies and procedures to comply with Title VII and the ADA.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8009. EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Source One Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.

May 6, 2015
_____
Date

_____
Hon. Judge Sara L. Ellis
United States District Court

EXHIBIT C

## PERSONAL GUARANTY

The undersigned, Scott Reedy ("Guarantor"), in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission (the "EEOC") in the matter of *EEOC v. Source One Staffing, Inc.* Case Numbers 11-cv-6754 and 15-cv-1958, respectively (collectively, the "Lawsuit"), does hereby unconditionally guarantee Source One Staffing, Inc.'s payment of monetary relief (a total of $150,000 in three yearly installments of $50,000 each), as detailed in the Consent Decree entered into as part of the Lawsuit (the "Consent Decree").

Guarantor acknowledges, represents, and warrants that Source One Staffing, Inc.'s agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that Source One Staffing, Inc.'s for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the installment payments described in Paragraph 15 of Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for fourteen (14) days (a "Default"), then, within seven (7) days after the EEOC provides written notice of Default, Guarantor agrees to pay all amounts then due and owing under Paragraph Nos. 16-17 of the Consent Decree, without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Source One Staffing, Inc.'s or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty. Nothing herein shall obligate Guarantor to make any payment before such payment would otherwise be due and owing under the Consent Decree.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Source One Staffing, Inc.'s or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

All notice hereunder shall be sent by overnight delivery to Scott Reedy at 136 West Washington, West Chicago, Illinois 60185. Notice shall be deemed provided on the date after notice is deposited with the overnight delivery service.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Northern District of Illinois under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

**EXECUTED** to be effective as of this ___6th___ day of ___May___, 2015.

**GUARANTOR:**

NAME (printed): _____Scott Reedy_____
Scott Reedy

SIGNATURE: _____

TITLE: _____President_____

ADDRESS: _____136 W. Washington St._____
_____West Chicago IL 60185_____

PHONE: _____(630) 293-2600_____